IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA MCLAREN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 CV 9689 |
| | ) |
| | )The Honorable: |
| WHEATON COLLEGE, | ) |
| KARYN GRANGER | ) Magistrate Judge: |
| individually and in her | ) |
| Official capacities as an "employers" as defined | ) |
| under FMLA | ) |
| | ) **Jury Trial Demanded** |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CYNTHIA MCLAREN, ("Plaintiff") by and through her undersigned counsel of record, and complains against Defendants Wheaton College and ("Defendants") and Karyn Granger individually and in her official capacity as an "employers" as defined under FMLA, as follows:

## INTRODUCTION

1. This case is filed based on Defendants' shocking and egregious violations of the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* and 5 U.S.C. § 6381 *et seq.*, including, but not limited to, terminating Plaintiff after three (3) years of dedicated service in retaliation for taking FMLA leave to recover from a serious back conditions which required surgery to correct.

2. Plaintiff's ability to financially support her family came to an abrupt end when Defendant unlawfully discriminated against Plaintiff and terminated Plaintiff simply because

Plaintiff exercised her statutory right to take medically necessary FMLA leave to recover from a medical condition.

3. Despite Plaintiff's years of dedicated employment and outstanding job performance, Defendant retaliated against Plaintiff for taking necessary FMLA leave and unlawfully terminated Plaintiff for taking necessary FMLA leave.

## PARTIES

### a. Plaintiff

4. Plaintiff, CYNTHIA MCLAREN, is an individual resident of Illinois.

### b. Defendants

5. Defendant, Wheaton College private, residential, and interdenominational Christian liberal arts college, in Wheaton Illinois.. As used in this Complaint, "Defendant" and/or "Wheaton College" means Defendant, all subsidiaries, agents, successors, parent corporations.

6. Karyn Granger is an employees of Defendant and are named individually and in her official capacity as an "employer" as defined under FMLA.

7. All Defendants, all corporations and all individuals, were employers under FMLA, 29 U.S.C 2611 (4).

8. At all times relevant hereto, Defendant was an employer engaged in an industry affecting commerce, and had 50 or more employees for each working day in each of twenty or more calendar weeks.

9. At all relevant times herein Defendant is and has been a covered entity under the

FMLA pursuant to 29 U.S.C. § 2601, *et seq*

10. Plaintiff was entitled to and met the requirements for leave under FMLA generally, as alleged elsewhere in this complaint, and specifically under FMLA 29 U.S.C 2612 (a)(1).

11. Defendant was a qualified "FMLA" employer under the FMLA in general and specifically employed 50 employees within 75 miles of that worksite in accord with 29 USC § 2611 (2)(B)(ii).

12. Plaintiff was terminated from her employment with Defendants on December 6, 2012.

## JURISDICTION AND VENUE

13. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Family Medical leave Act ("FMLA"), 29 U.S.C. §2601 et seq..

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiff in this judicial district, Plaintiff resides in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## STATEMENT OF FACTS REGARDGING: FMLA INTERFERENCE AND RETALIATION

15. Plaintiff worked her normal Tuesday shift Dec. 6, 2012.

16. Plaintiff was asked by my supervisor Ziggy to come the following night early because they were doing changing of building assignments.

17. Plaintiff arrived Wedneday night December 7, 2012 fifteen (15) minutes early and waited in the plant office.

18. Fred and Ziggy, both night supervisors, were present in addition to several other employees.

19. Ziggy asked Plaintiff to come with her and she brought me to Paul Dillon's office. the day supervisor.

20. Paul Dillion stated that because of Plaintiff's *excessive absences* Karen Granger has terminated my position effectively immediately.

21. Paul Dillion stated was very sorry and had nothing to do with this decision.

22. He said Plaintiff had to turn in her keys and ID.

23. Plaintiff walked out in a state of shock.

24. Ziggy walked out with me and I said "I can't believe you didn't tell me this was going on."

25. She said she had no idea, she was told I had to come in for building early for assignment change, not a termination meeting.

26. he said she was never informed about any of it until that night and stressed how sorry she was.

27. The individual Defendants were also employers under FMLA under 29 USC § 2611 (4).

28. The individual Defendants were

   a. Had supervisory authority over the Plaintiff;

   b. And were at least partly responsible for the alleged violations of the FMLA.

29. Plaintiff was an employee of Defendants as defined by the FMLA.

30. At the time of application for FMLA protected leave the Plaintiff had worked continuously for the Defendants for more than (12) twelve months preceding the request for leave.

31. At the time of application for FMLA protected leave the Plaintiff had worked more 1250 hours during the twelve months preceding his requests for leave

32. Based upon the Plaintiff's qualification for FMLA Plaintiff was qualified for and could take up to twelve (12) weeks of FMLA leave.

33. Plaintiff was entitled to and met the requirements for leave under FMLA in general and specifically under requirements of 29 USC § 2612 (a)(1).

34. Plaintiff was a qualified, competent, and dedicated employee that was performing all of his job duties in a reasonable and acceptable manner during all relevant times herein.

35. Plaintiff performed all of his job duties in a manner that met the Defendants' legitimate expectations.

36. Defendants' actions and/or inactions intentionally, willfully, created a situation in which Plaintiff was forced to choose between medical care and losing his job.

37. Such willful, intentional acts and/or inactions are in direct violation of the FMLA and effectively undercut the intent of the Act.

38. Such actions and/or inactions by Defendants substantially interfered with Plaintiff's substantive rights under the FMLA

39. Discipline imposed by the Defendants upon the Plaintiff was without basis and was pretextual.

40. Termination and discipline were retaliations for Plaintiff's attempts at or applications for FMLA leave and/or for her taking of FMLA leave.

41. Such retaliation is in violation of the FMLA.

42. Plaintiff would not have suffered such actions/inactions/conduct at the hands of the Defendants but for availing hermself of the rights under FMLA.

43. Defendants' actions and/or inactions taken under such circumstances interfered with and unduly burdened the Plaintiff's exercise of rights guaranteed to Plaintiff under the FMLA.

44. Defendants have and continue to unlawfully interfere with and burden the rights of its employees with regard to the manner in which it administers employees' FMLA.

45. Plaintiff had an outstanding work history. There was no legitimate non-discriminatory non-retaliatory basis for Plaintiff's termination.

46. Plaintiff has suffered severe damages as a direct and proximate result of Defendants' unlawful conduct as described herein, including, but not limited to, the following: loss of employment, lost wages, loss of benefits, and other damages.

47. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

48. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT
*Retaliation In Violation of FMLA*

### *Against all Defendants*

49. Plaintiff re-alleges and incorporates all paragraphs of this complaint as if fully set forth herein.

50. Plaintiff suffers from a serious medical condition that requires medical treatment and a medically mandated period of recovery.

51. Plaintiff was an eligible employee under the FMLA, insomuch as she had been employed for at least 12 months and had worked at least 1,250 hours for Defendants within the 12-month period immediately preceding his request for FMLA leave and retaliatory termination by Defendant. See 29 U.S.C. §2611 (2).

52. Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year. 29 U.S.C. § 2611(4).

53. Plaintiff was entitled to leave under FMLA, *see 29 U.S.C. § 2612 (a)(1).*

54. Plaintiff properly notified Defendants of her need to take FMLA leave, obtained the necessary medical certifications, insisted on exercising her right to take FMLA, and otherwise fulfilled all of her obligations for taking medical leave.

55. Plaintiff fully informed Defendants of the nature and scope of her serious medical condition and she went through all of the proper avenues to get approval for her requested leave to recover from the injury.

56. Plaintiff was entitled to twelve (12) weeks of leave as provided pursuant to the FMLA, because she was a qualifying employee, as alleged above, and she had not taken any other FMLA leave.

57. Defendants violated the FMLA by terminating Plaintiff's employment based on her taking time off as allowed under FMLA.

58. Defendant terminated Plaintiff in retaliation for Plaintiff attempting to take FMLA leave and/or attempts to gain coverage under FMLA and/or Plaintiff's beginning to take time off as allowed under FMLA.

59. There was no legitimate non-discriminatory or non-retaliatory basis for Defendants' termination of Plaintiff.

60. Defendants' violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

61. There exists a causal link between Plaintiff availing herself of FMLA rights and the subsequent harassment, retaliation, termination and or ouster from employment suffered by Plaintiff.

62. Said discriminatory, unlawful and willful conduct is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

## PRAYERS FOR RELIEF FOR ALL FMLA CLAIMS

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Statutory damages for lost wages, benefits and other compensation, plus all accrued interest on such sum at the statutory rate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(A)(i) and (ii);

B. Monetary damages to compensate Plaintiff for all future lost salary and

benefits;

C. Additional liquidated damages equal in the amount of the above requested amounts in Prayers A and B , pursuant to 29 U.S.C.A. § 2617 (a)(1)(B) and/or 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(B);

E. Judgment declaring that the actions of the defendant described herein have violated the plaintiff's rights under 29 U.S.C. §§ 2614(a)(1), 2614(a)(2), and 2615(a);

F. Judgment against the defendant awarding plaintiff's costs, disbursements, prejudgment interest lost and/or incurred by reason of the violation.

G. Judgment against defendant, awarding damages for any wages, salary, employment benefits and other compensation;

H. Injunctive and declaratory relief with regard to Defendants' unlawful FMLA policies and to force Defendants to cease in enforcing said policies against the hundreds of other persons employed by them.

I. Damages which satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deem just under the circumstances;

J. Attorneys fees, interest on said attorney's fees, expert witness fees; and

K. Any and all other such relief as this Court deems just and equitable.

## COUNT IV

**Illinois Wage Payment and Collection Act "IWPCA"**

63. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

64. Plaintiff as employed by Defendant as an employee.

65. Plaintiff brings her claims for relief pursuant to the IWPCA for the period of five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint.

66. This cause of action arises out of employment contracts and agreements; written and/or oral.

67. AGREEMENT: Plaintiff was employed and Defendant agreed to pay Plaintiff vacation. (Hereinafter this agreement to pay wages for work is named "Agreement" or the "Agreement between the parties")

68. Plaintiff was not paid this earned vacation time when she was fired.

69. The Plaintiff was not an independent contractor, rather was an employee of the Defendant by oral agreement and/or written contract.

70. Plaintiff employment was in the usual course of business for which such service is performed.

71. Plaintiff does not possess a proprietary interest in the Defendant.

72. The Defendant is an "employer" under the terms of the IWPCA section 2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid regular wages pursuant to the IWPCA;

B. Attorneys' fees and costs of this action in accordance Illinois Wage Laws;

and

C. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act and/or the IWPCA.

D. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

E. Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

F. Consequential damages;

G Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per Month due under the IWPCA for the delay in payment of due wages;

H. and costs of this action; and

I. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

### TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

Dated December 4, 2014

                                              Respectfully Submitted,

                                              By: _____/S/ John C. Ireland __

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL   60177
630-464-9675
FACSIMILE 630-206-0889   Attorneyireland@aol.com   Attorney Number 6283137