IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA MCLAREN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WHEATON COLLEGE, ) <br> KARYN GRANGER individually and in ) <br> her official capacities as an "employers" ) <br> as defined under FMLA, ) <br> ) <br> Defendants. ) | Case No. 14 CV 9689 <br><br> Judge Matthew F. Kennelly |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Wheaton College (the "College") and Karyn Granger ("Granger"), by their attorneys, Franczek Radelet P.C., hereby answer Plaintiff Cynthia McLaren's Complaint as follows:

## **INTRODUCTION**

1. This case is filed based on Defendants' shocking and egregious violations of the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* and 5 U.S.C. § 6381 *et seq.*, including, but not limited to, terminating Plaintiff after three (3) years of dedicated service in retaliation for taking FMLA leave to recover from a serious back conditions [sic] which required surgery to correct.

**ANSWER:** Defendants admit that Plaintiff purports to bring this lawsuit under the FMLA but deny that Defendants violated the FMLA or engaged in any other unlawful conduct. Defendants deny any remaining allegations in Paragraph 1.

2. Plaintiff's ability to financially support her family came to an abrupt end when Defendant unlawfully discriminated against Plaintiff and terminated Plaintiff simply because Plaintiff exercised her statutory right to take medically necessary FMLA leave to recover from a medical condition.

**ANSWER:** Defendants deny that the College terminated Plaintiff because Plaintiff exercised her right to take medical leave under the FMLA, and deny the remaining allegations in Paragraph 2.

3. Despite Plaintiff's years of dedicated employment and outstanding job performance, Defendant retaliated against Plaintiff for taking necessary FMLA leave and unlawfully terminated Plaintiff for taking necessary FMLA leave.

**ANSWER:** Defendants deny that they retaliated against Plaintiff for taking FMLA leave and deny the remaining allegations in Paragraph 3.

## PARTIES

a. **Plaintiff**

4. Plaintiff, CYNTHIA MCLAREN, is an individual resident of Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4.

b. **Defendants**

5. Defendant, Wheaton College private, residential, and interdenominational Christian liberal arts college, in Wheaton Illinois [sic]. As used in this Complaint, "Defendant" and/or "Wheaton College" means Defendant, all subsidiaries, agents, successors, parent corporations.

**ANSWER:** Defendants admit that Wheaton College is a private, residential, interdenominational Christian liberal arts college located in Wheaton, Illinois. Defendants deny that the complaint states a claim against any subsidiaries, agents, successors, or parent corporations of Wheaton College and deny the remaining allegations in Paragraph 5.

6. Karyn Granger is an employees [sic] of Defendant and are [sic] named individually and in her official capacity as an "employer" as defined under FMLA.

**ANSWER:** Defendants admit that Karyn Granger is an employee of the College and that Plaintiff purports to allege claims against Defendant Granger in her individual capacity. Defendants deny the remaining allegations in Paragraph 6.

7. All Defendants, all corporations and all individuals, were employers under FMLA, 29 U.S.C. 2611 (4).

**ANSWER:** Defendants admit that Wheaton College is an "employer" as defined by the FMLA but deny the remaining allegations in Paragraph 7.

8. At all times relevant hereto, Defendant was an employer engaged in an industry affecting commerce, and had 50 or more employees for each working day in each of twenty or more calendar weeks.

**ANSWER:** Defendants admit that Wheaton College is an "employer" as defined by the FMLA but deny the remaining allegations in Paragraph 8.

9. At all relevant times herein Defendant is and has been a covered entity under the FMLA pursuant to 29 U.S.C. § 2601, *et seq*.

**ANSWER:** Defendants admit that Wheaton College is an "employer" as defined by the FMLA but deny the remaining allegations in Paragraph 9.

10. Plaintiff was entitled to and met the requirements for leave under FMLA generally, as alleged elsewhere in this complaint, and specifically under FMLA 29 U.S.C. 2612 (a)(1).

**ANSWER:** Defendants deny the allegations in Paragraph 10.

11. Defendant was a qualified "FMLA" employer under the FMLA in general and specifically employed 50 employees within 75 miles of that worksite in accord with 29 U.S.C. § 2611 (2)(B)(ii).

**ANSWER:** Defendants admit that Wheaton College is an "employer" as defined by the FMLA but deny the remaining allegations of Paragraph 11.

12. Plaintiff was terminated from her employment with Defendants on December 6, 2012.

**ANSWER:** Defendants admit that Plaintiff was terminated from her employment with Wheaton College on or about December 6, 2012. Defendants deny the remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Family Medical leave Act ("FMLA") [sic], 29 U.S.C. §2601 *et seq.*.[sic]

**ANSWER:** Defendants admit that this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1331, as those claims are based on alleged violations of the FMLA. Defendants deny that they have violated any law and deny that Plaintiff is entitled to any relief.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiff in this judicial district, Plaintiff resides in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

**ANSWER:** Defendants admit that the Complaint alleges acts that are alleged to have occurred within the Northern District of Illinois and that venue is proper in this district. Defendants deny that they violated the FMLA or committed any unlawful employment practices and further deny that Plaintiff is entitled to any damages. Defendants deny the remaining allegations in Paragraph 14

## STATEMENT OF FACTS REGARDING:
## FMLA INTERFERENCE AND RETALIATION

15. Plaintiff worked her normal Tuesday shift Dec. 6, 2012.

**ANSWER:** Defendants admit that on the night of Thursday, December 6, 2012, Plaintiff reported to work for her normal shift. Defendants deny the remaining allegations in Paragraph 15.

4

1475630.1

16. Plaintiff was asked by my supervisor Ziggy to come the following night early because they were doing changing of building assignments.

**ANSWER:** Defendants deny the allegations in Paragraph 16.

17. Plaintiff arrived Wednesday night December 7, 2012 fifteen (15) minutes early and waited in the plant office.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the allegation that Plaintiff arrived to work on her last scheduled shift fifteen minutes early and waited in the plant office. Defendants deny the remaining allegations in Paragraph 17.

18. Fred and Ziggy, both night supervisors, were present in addition to several other employees.

**ANSWER:** Defendants state that the allegation that Freddie Washington, Ziggy Abay, and several other employees "were present" is too vague and ambiguous to permit a meaningful response. Defendants admit that Mr. Washington and Ms. Abay, Night Supervisors, were working at the College on the night Plaintiff was terminated. Defendants deny the remaining allegations in Paragraph 18.

19. Ziggy asked Plaintiff to come with her and she brought me to Paul Dillon's office. [sic] the day supervisor.

**ANSWER:** Defendants admit the allegations in Paragraph 19.

20. Paul Dillon stated that because of Plaintiff's **excessive absences** Karen Granger has terminated my position effectively immediately.

**ANSWER:** Defendants admit that Paul Dillon informed Plaintiff that she was being terminated due to her excessive absences. Defendants deny the remaining allegations in Paragraph 20.

21. Paul Dillon stated he was very sorry and had nothing to do with this decision. [sic]

**ANSWER:** Defendants deny the allegations in Paragraph 21.

5

22. He said Plaintiff had to turn in her keys and ID.

**ANSWER:** Defendants admit the allegations in Paragraph 22.

23. Plaintiff walked out in a state of shock.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23.

24. Ziggy walked out with me and I said "I can't believe you didn't tell me this was going on."

**ANSWER:** Defendants deny the allegations in Paragraph 24.

25. She said she had no idea, she was told I had to come in for building early for assignment change, not a termination meeting. [sic]

**ANSWER:** Defendants deny the allegations in Paragraph 25.

26. he [sic] said she was never informed about any of it until that night and stressed how sorry she was.

**ANSWER:** Defendants deny the allegations in Paragraph 26.

27. The individual Defendants [sic] were also employers under FMLA under 29 U.S.C. § 2611(4).

**ANSWER:** Defendants state that Plaintiff has not asserted claims against multiple individual "defendants" in this action and deny that Defendant Granger is an "employer" under the FMLA with regard to Plaintiff's claims.

28. The individual Defendants [sic] were

a. Had supervisory authority over the Plaintiff; [sic]

b. And were at least partly responsible for the alleged violations of the FMLA.

**ANSWER:** Defendants state that Plaintiff has not asserted claims against multiple individual "defendants" in this action and deny the allegations in Paragraph 28 with respect to Defendant Granger.

29. Plaintiff was an employee of Defendants as defined by the FMLA.

**ANSWER:** Defendants admit the allegations in Paragraph 29.

30. At the time of application for FMLA protected leave the Plaintiff had worked continuously for the Defendants for more than (12) months preceding the request for leave.

**ANSWER:** Defendants state that the allegation "[a]t the time of application for FMLA protected leave" is too vague and ambiguous to permit a meaningful response as Defendants are left to guess the date upon which Plaintiff allegedly made an "application" for FMLA leave. Answering further, Defendants deny that Plaintiff requested FMLA leave during the relevant time period and, as such, deny the allegations in Paragraph 30.

31. At the time of application for FMLA protected leave the Plaintiff had worked more [sic] 1250 hours during the twelve months preceding his [sic] requests for leave.

**ANSWER:** Defendants state that the allegation "[a]t the time of application for FMLA protected leave" is too vague and ambiguous to permit a meaningful response as Defendants are left to guess the date upon which Plaintiff allegedly made an "application" for FMLA leave. Answering further, Defendants deny that Plaintiff requested FMLA leave during the relevant time period and, as such, deny the allegations in Paragraph 31.

32. Based upon the Plaintiff's qualification for FMLA Plaintiff was qualified for and could take up to twelve (12) weeks of FMLA leave.

**ANSWER:** Defendants deny the allegations in Paragraph 32.

33. Plaintiff was entitled to and met the requirements for leave under FMLA in general and specifically under requirement of 29 U.S.C. § 2612 (a)(1). [sic]

**ANSWER:** Defendants deny the allegations in Paragraph 33.

34. Plaintiff was a qualified, competent, and dedicated employee that was performing all of his [sic] job duties in a reasonable and acceptable manner during all relevant times herein.

**ANSWER:** Defendants deny the allegations in Paragraph 34.

7

35. Plaintiff performed all of his [sic] job duties in a manner that met the Defendants' legitimate expectations.

**ANSWER:** Defendants deny the allegations in Paragraph 35.

36. Defendants' actions and/or inactions intentionally, willfully, created a situation in which Plaintiff was forced to choose between medical care and losing his [sic] job.

**ANSWER:** Defendants deny the allegations in Paragraph 36.

37. Such willful, intentional acts and/or inactions are in direct violation of the FMLA and effectively undercut the intent of the Act.

**ANSWER:** Defendants deny the allegations in Paragraph 37.

38. Such actions and/or inactions by Defendants substantially interfered with Plaintiff's substantive rights under the FMLA.

**ANSWER:** Defendants deny the allegations in Paragraph 38.

39. Discipline imposed by the Defendants upon the Plaintiff was without basis and was pretextual.

**ANSWER:** Defendants deny the allegations in Paragraph 39.

40. Termination and discipline were retaliations for Plaintiff's attempts at or applications for FMLA leave and/or for her taking of FMLA leave.

**ANSWER:** Defendants deny the allegations in Paragraph 40.

41. Such retaliation is in violation of the FMLA.

**ANSWER:** Defendants deny that they retaliated against Plaintiff for allegedly exercising any rights under the FMLA and deny the remaining allegations in Paragraph 41.

42. Plaintiff would not have suffered such actions/inactions/conduct at the hands of the Defendants but for availing hermself [sic] of the rights under the FMLA.

**ANSWER:** Defendants deny the allegations in Paragraph 42.

43. Defendants' actions and/or inactions taken under such circumstances interfered with and unduly burdened the Plaintiff's exercise of rights guaranteed to Plaintiff under the FMLA.

**ANSWER:** Defendants deny the allegations in Paragraph 43.

44. Defendants have and continue to unlawfully interfere with and burden the rights of its employees with regard to the manner in which it administers employees' FMLA.

**ANSWER:** Defendants deny the allegations in Paragraph 44.

45. Plaintiff had an outstanding work history. There was no legitimate non-discriminatory non-retaliatory basis for Plaintiff's termination.

**ANSWER:** Defendants deny the allegations in Paragraph 45.

46. Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including conduct as described herein, including, but not limited to, the following: loss of employment, lost wages, loss of benefits, and other damages.

**ANSWER:** Defendants deny the allegations in Paragraph 46.

47. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

**ANSWER:** Defendants state that Paragraph 47 is too vague and ambiguous to put Defendants on notice of what is being alleged; therefore, the allegations in Paragraph 47 are denied.

48. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 48.

# FIRST CLAIM FOR RELIEF
# VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT
### *Retaliation in Violation of FMLA*
### *Against all Defendants*

49. Plaintiff re-alleges and incorporates all paragraphs of this complaint as if fully set forth herein.

**ANSWER:** Defendants incorporate their Answers to Paragraphs 1-48 of Plaintiff's complaint as their Answer to Paragraph 49.

50. Plaintiff suffers from a serious medical condition that requires medical treatment and a medically mandated period of recovery.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Plaintiff was an eligible employee under the FMLA, insomuch as she had been employed for at least 12 months and had worked at least 1,250 hours for Defendants within the 12-month period immediately preceding his [her] request for FMLA leave and retaliatory termination by Defendant. See 29 U.S.C. §2611 (2).

**ANSWER:** Defendants deny the allegations in Paragraph 51.

52. Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year. 29 U.S.C. §2611 (4).

**ANSWER:** Defendants admit that Wheaton College is an "employer" as defined by the FMLA and deny the remaining allegations in Paragraph 52.

53. Plaintiff was entitled to leave under FMLA, *see 29 U.S.C. § 2612(a)(1)*.

**ANSWER:** Defendants deny the allegations in Paragraph 53.

54. Plaintiff properly notified Defendants of her need to take FMLA leave, obtained the necessary medical certifications, insisted on exercising her right to take FMLA, and otherwise fulfilled all of her obligations for taking medical leave.

**ANSWER:** Defendants deny the allegations in Paragraph 54.

55. Plaintiff fully informed Defendants of the nature and scope of her serious medical condition and she went through all of the proper avenues to get approval for her requested leave to recover from the injury.

**ANSWER:** Defendants deny the allegations in Paragraph 55.

56. Plaintiff was entitled to twelve (12) weeks of leave as provided pursuant to the FMLA, because she was a qualifying employee, as alleged above, and she had not taken any other FMLA leave.

**ANSWER:** Defendants deny the allegations in Paragraph 56.

57. Defendants violated the FMLA by terminating Plaintiff's employment based on her taking time off as allowed under FMLA.

**ANSWER:** Defendants deny the allegations in Paragraph 57.

58. Defendant terminated Plaintiff in retaliation for Plaintiff attempting to take FMLA leave and/or attempts to gain coverage under FMLA and/or Plaintiff's beginning to take time off as allowed under FMLA.

**ANSWER:** Defendants deny the allegations in Paragraph 58.

59. There was no legitimate non-discriminatory or non-retaliatory basis for Defendants' termination of Plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 59.

60. Defendants' violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 60.

61. There exists a causal link between Plaintiff availing herself of FMLA rights and the subsequent harassment, retaliation, termination and or ouster from employment suffered by Plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 61.

62. Said discriminatory, unlawful and willful conduct is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

**ANSWER:** Defendants deny that they violated the FMLA and deny the allegations in Paragraph 62.

### PRAYERS FOR RELIEF FOR ALL FMLA CLAIMS

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Statutory damages for lost wages, benefits and other compensation, plus all accrued interest on such sum at the statutory rate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(A)(i) and (ii);

B. Monetary damages to compensate Plaintiff for all future lost salary and benefits;

C. Additional liquidated damages equal in the amount of the above requested amounts in Prayers A and B, pursuant to 28 U.S.C.A. § 2617 (a)(1)(B) and/or 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(B);

E. Judgment declaring that the actions of the defendant described herein have violated the plaintiff's rights under 29 U.S.C. §§ 2614(a)(1), 2614(a)(2), and 2615(a);

F. Judgment against the defendant awarding plaintiff's costs, disbursements, prejudgment interest lost and/or incurred by reason of the violation.

G. Judgment against defendant, awarding damages for any wages, salary, employment benefits and other compensation;

H. Injunctive and declaratory relief with regard to Defendants' unlawful FMLA policies and to force Defendants to cease in enforcing said policies against the hundreds of other persons employed by them.

I. Damages which satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deem just under the circumstances;

J. Attorneys fees, interest on said attorney's fees, expert witness fees; and

K. Any and all other such relief as this Court deems just and equitable.

**ANSWER:** Defendants deny that Plaintiff is entitled to judgment in her favor or to any of the relief requested in this Paragraph.

## COUNT IV

## Illinois Wage Payment and Collection Act "IWPCA"

63. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

**ANSWER:** Defendants make no response to Paragraph 63 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

64. Plaintiff as employed by Defendant as an employee.

**ANSWER:** Defendants make no response to Paragraph 64 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

65. Plaintiff brings her claims for relief pursuant to the IWPCA for the period of five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint.

**ANSWER:** Defendants make no response to Paragraph 65 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

66. This cause of action arises out of employment contracts and agreements written and/or oral.

**ANSWER:** Defendants make no response to Paragraph 66 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

67. AGREEMENT: Plaintiff was employed and Defendant agreed to pay Plaintiff vacation. (Hereinafter this agreement to pay wages for work is named "Agreement" or the "Agreement between the parties")

**ANSWER:** Defendants make no response to Paragraph 67 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

68. Plaintiff was not paid this earned vacation time when she was fired.

**ANSWER:** Defendants make no response to Paragraph 68 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

69. The Plaintiff was not an independent contractor, rather was an employee of the Defendant by oral agreement and/or written contract.

**ANSWER:** Defendants make no response to Paragraph 69 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

70. Plaintiff employment was in the usual course of business for which such service is performed.

**ANSWER:** Defendants make no response to Paragraph 70 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

71. Plaintiff does not possess a proprietary interest in the Defendant.

**ANSWER:** Defendants make no response to Paragraph 71 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

72. The Defendant is an "employer" under the terms of the IWPCA section 2.

**ANSWER:** Defendants make no response to Paragraph 72 as Plaintiff has voluntarily dismissed Count IV from the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid regular wages pursuant to the IWPCA;

B. Attorneys' fees and costs of this action in accordance Illinois Wage Laws; and

C. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act and/or the IWPCA.

D. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

E. Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

F. Consequential damages;

G. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per Month due under the IWPCA for the delay in payment of due wages;

14

H.  and costs of this action; and

I.  Such other relief as this Court shall deem just and proper.

**ANSWER:** Defendants make no response to this paragraph as Plaintiff has voluntarily dismissed Count IV from the Complaint.

## **AFFIRMATIVE DEFENSES**

1.  The injuries alleged and damages sought by Plaintiff were caused by her own actions.

2.  Plaintiff has failed to state a claim for which relief can be granted.

3.  Plaintiff has failed to state a claim against Karyn Granger because Defendant Granger did not have supervisory authority over Plaintiff and was not partly responsible for any alleged violation of the FMLA.

4.  Plaintiff is barred from recovery for alleged acts or incidents occurring prior to the applicable statute of limitations period.

5.  Plaintiff failed to mitigate any claimed lost wage damages and therefore, any relief is barred. Moreover, any relief obtained by Plaintiff must be reduced by her earnings, compensation, and benefits during the relevant time period.

6.  Plaintiff cannot recover liquidated damages because any act or omission that violated the FMLA was in good faith and not willful, and Wheaton College undertook good faith efforts to comply with the FMLA as well as to comply with all federal and state anti-discrimination and anti-retaliation laws and to prevent discrimination and retaliation.

7.  All decisions made by Wheaton College with respect to Plaintiff were made in good faith and for legitimate, non-discriminatory reasons. Wheaton College terminated Plaintiff's employment as a result of Plaintiff's excessive absenteeism and would have taken that

15

action regardless of Plaintiff's request for FMLA leave or exercise of her rights under the FMLA.

8. Defendants expressly reserve the right to rely upon any additional defenses that may become available or apparent during the proceedings in this matter and hereby reserves their right to amend their answer and assert any such defenses.

                        Respectfully submitted,

                        WHEATON COLLEGE and
                        KARYN GRANGER,

                        By:   s/Gwendolyn B. Morales
                              One of its Attorneys

Jeff Nowak
Gwendolyn B. Morales
Franczek Radelet P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606
(312) 986-0300

Dated: February 27, 2015

1475630.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **Defendants' Answer to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 27th day of February, 2015:

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin, IL 60177

s/ Gwendolyn B. Morales
Gwendolyn B. Morales